124 N.J. Super. 341 (1973)
307 A.2d 104
THOMAS COOR, JR., PLAINTIFF-RESPONDENT, AND CROSS-APPELLANT,
v.
FRIEDERIKE J. COOR, DEFENDANT-APPELLANT, AND CROSS-RESPONDENT, AND JOHN CATON, CORESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 29, 1973.
Decided June 22, 1973.
Before Judges LEONARD, HALPERN and ARD.
*342 Mr. H. Jonathan Fox argued the cause for corespondent-appellant (Messrs. Scott, Fox & Walsh, attorneys.)
Mr. Everett M. Scherer argued the cause for plaintiff-respondent and cross-appellant (Messrs. Riker, Danzig, Scherer & Brown, attorneys.)
Mr. William L. Boyan appeared for defendant-appellant and cross-repondent and filed a statement in lieu of brief.
PER CURIAM.
This is an appeal from assessment of counsel fees against John Caton, the corespondent, in a related divorce action entitled Coor v. Coor (A-2485-71).
The appellant intervened in the divorce action and filed an answer denying the adultery. He did not participate in the trial thereafter. The trial court found in favor of the husband on the ground of adultery and awarded custody of the children to the husband. In the judgment he allowed the attorney for defendant wife a counsel fee of $7,500 together with disbursements of $110, of which $550 had already been paid by defendant and $500 by plaintiff, thereby resulting in a net amount of $6,610. He assessed this amount against the corespondent.
Appellant argues that the law allowing the assessment of counsel fees and costs against a corespondent is a legal anachronism which should be reversed. In the alternative he argues that the amount of the award imposed was excessive.
R. 4:42-9(a)(1) provides in pertinent part that in a matrimonial action, "the court in its discretion may make an allowance, both pendente lite and on final determination, to be paid by any party to the action, * * *."
Appellant chose to be a party and the trial court had a discretionary right to impose counsel fees on him. See Duke v. Duke, 72 N.J. Eq. 515 (Ch. 1906), aff'd o.b. 72 N.J. Eq. 941 (E. & A. 1907).
*343 While we affirm the legality of the trial court's assessment of counsel fees against the corespondent, we find the amount of the fee excessive as to him. Accordingly, we modify the judgment to the extent that a counsel fee of $7,550 together with disbursements of $110, of which $550 has already been paid by defendant and $500 by plaintiff be and is hereby granted attorney for defendant; and the net amount of $6,610 is to be paid in the following manner: $3,000 by the corespondent Caton and the balance to be paid by defendant.
Affirmed as modified.