NEW JERSEY DIVISION OF YOUTH AND FAMILY SERVICES, PLAINTIFF, v. J.O., FATHER AND E.O., MOTHER, DEFENDANTS.

IN THE MATTER OF THE GUARDIANSHIP OF M.O., A MINOR.

Juvenile and Domestic Relations Court
Middlesex County

December 4, 1980.

*Grey J. Dimenna,* Deputy Attorney General, for plaintiff (*John J. Degnan,* Attorney General, attorney).

*Fred A. Liff* and *Robert H. Goodwin* for defendant E. O.

*Paul E. Wermuth* for defendant J. O.

*Willard B. Knowlton* and *James Millner* for minor M. O. (*Stanley C. Van Ness,* Public Defender, attorney).

KEEFE, J. S. C. (temporarily assigned).

The issue before the court is a matter of first impression. The case is presented in the context of an action brought by the Division of Youth and Family Services (hereinafter referred to

as the Division) for termination of parental rights. The specific question is whether, under 42 *U.S.C.A.* § 1988, a defendant is entitled to attorney fees and costs when the state agency fails to maintain its burden for termination of parental rights. Additionally, the court must determine whether defendants under these facts may recover attorney fees and costs under *R.* 4:42–9(a). The issues will be addressed in inverse order.

The Division's actions in this case were based upon two separate complaints which were later consolidated by the court. The first complaint for custody of the defendants' child was filed pursuant to *N.J.S.A.* 9:6–8.21 et seq. and *N.J.S.A.* 30:4C–12. The second complaint to terminate parental rights was filed four months later pursuant to *N.J.S.A.* 30:4C–15. On July 15, 1980, these actions were dismissed without prejudice in accordance with a consent order. The order recognized that the Division intervention was justified, but that the evidence was not sufficient to warrant termination of parental rights. It was agreed, however, that the child's interests would be best safeguarded by leaving custody to the Division while the family was in therapy. The child would be returned to the family when it was determined to be in his best interests. The order preserved the defendants' right to move for counsel fees.

■ *R.* 4:42–9(a)(1) provides for attorney fees in matrimonial actions as defined under *R.* 4:75:

"Matrimonial Actions" shall be construed broadly to include all actions brought under N.J.S. 2A:34–1 to 27, inclusive, and R.S. 9:2–1 to 11, inclusive; all actions brought under the inherent jurisdiction of the court for the nullity of marriage, for the protection of the status of marriage by injunction or otherwise, and for the confirmation or otherwise of the validity of marriage by declaratory judgment; all actions brought under the parens patriae jurisdiction for the custody of infants; all actions for the enforcement, modification or vacation of agreements for support and maintenance; and in general, all actions directly involving the status of marriage, awards to and support of spouses and former spouses, the custody and support of children; and claims between spouses and former spouses as to property claimed to be owned by them; and shall include all non-matrimonial actions joined with matrimonial actions. Matrimonial actions shall be cognizable in the Chancery Division and heard by any judge thereof assigned to hear matrimonial actions in the county where the venue may be laid under *R.* 4:76.

"Nullity of Marriage" means nullity under *N.J.S.A.* 2A:34–1 and annulment of marriage under the general equity jurisdiction of the Superior Court.

Custody proceedings referred to in the above rule arise under two specifically defined actions; 1) actions brought under the parens patriae jurisdiction for the custody of infants and 2) actions directly involving the status of marriage. Neither situation is present here.

The instant complaint is not premised on the inherent *parens patriae* jurisdiction of the court, but rather upon a statutory cause of action, *N.J.S.A.* 9:6–8.21 et seq. and *N.J.S.A.* 30:4C–12. Thus, while the court may assume *parens patriae* jurisdiction during the proceedings, such power is only ancillary to its original jurisdiction. Cf. *Sorentino v. Family & Children's Society of Elizabeth*, 72 *N.J.* 127 (1976).

*R.* 4:75 emphasizes that, except in the case of *parens patriae* jurisdiction, references to child custody proceedings are derivative of "actions directly involving the status of marriage". Grammatically, items in a series separated by semi-colons have equal and independent status. Each individual item may itself have subordinate, parenthetical information which can be set off by commas. Information which appears within commas serves to modify, clarify or augment the main thought. Comma phrases have no independent relevance and cannot stand alone. The rule in question is broken into seven semi-coloned phrases. In the fifth phrase the "child custody" reference enclosed by commas does not stand alone but rather modifies the dominant phrase concerning actions directly involving the status of marriage.

Defendants fail to satisfy the requirements defined in *R.* 4:75. Accordingly, they are not entitled to attorney fees under *R.* 4:42–9(a)(1).

The second theory raised by defendants to support an award of counsel fees arises under *R.* 4:42–9(a)(8), which provides for the award where permitted by statute. The word statute has been interpreted to include federal as well as state statutes.

*Right to Choose v. Byrne*, 173 *N.J.Super.* 66 (Ch.Div.1980); *Ramirez v. County of Hudson*, 169 *N.J.Super.* 455 (Ch.Div.1979). Under the federal statute 42 *U.S.C.A.* § 1988 counsel fees may be awarded, in the court's discretion, where a party has prevailed in enforcing a civil right. The civil rights defense claimed by defendants under 42 *U.S.C.A.* § 1983 and 42 *U.S.C.A.* § 1985 is the constitutional right to parenthood. *Quillon v. Walcott*, 434 *U.S.* 246, 98 *S.Ct.* 549, 54 *L.Ed.*2d 511 (1978). Although the benefit derived by defendants from the litigation was by consent order rather than judgment, defendants are still considered to be prevailing parties. *Bonnes v. Long*, 599 *F.*2d 1316 (4 Cir. 1979).

Before turning to the merits of the civil rights claim, two procedural questions must be examined. The first question is whether a Juvenile and Domestic Relations Court, being a statutory tribunal, has subject matter jurisdiction over a federal claim. The second issue is whether the defendants can raise a 42 *U.S.C.A.* § 1988 claim as an affirmative defense.

The governing statute on the question of jurisdiction is *N.J. S.A.* 2A:4-18. The statute grants concurrent jurisdiction with other courts to hear and determine disputes and complaints "[i]nvolving matters of support or temporary custody of children as to which jurisdiction is vested in the superior court [and] [a]gainst any person who abuses, neglects, cruelly treats or abandons a child ...". Read in conjunction with N.J.S.A. 2A:4-19, the court is vested with all the powers, rights and privileges incident to Superior Court custody hearings and final dispositions. In *R.V.F.*, 113 *N.J.Super.* 396 (J&DR Ct.1971), the court stated,

> [w]hile the scope of the subject matter jurisdiction of the Juvenile and Domestic Relations Court is restricted to the parameters established by statute, the exercise of that jurisdiction once obtained should be liberally construed so that the court may accomplish its purposes. Thus, if the statute furnishes some indication of a legislative intention to clothe the court with jurisdiction an endeavor will be made to effectuate that intention though the statute may not be free from doubt. [at 400] (citations omitted).

■ Therefore where the court determines parental rights, a collateral claim of parenthood arising under the constitution is brought within the court's power in order to reach a final disposition of the matters relating to a societal interest in the parties' welfare and the preservation of the family. *Paragian v. Paragian*, 48 *N.J.Super.* 207 (J&DR Ct.1958).

■ Regarding the second procedural issue, the defendant's claim under 42 *U.S.C.A.* § 1983 and § 1985 is not raised as a cause of action, but as an affirmative defense. Both the New Jersey and the federal rules of procedure allow for liberal construction of the pleadings to obtain substantial justice. *R.* 4:5–4; *F.R.C.P.* § 8(f). 42 *U.S.C.A.* § 1983 is intended to provide a cause of action upon the allegation of facts constituting a deprivation of federal constitutional rights. *Monroe v. Pape*, 365 *U.S.* 167, 171, 81 *S.Ct.* 473, 475, 5 *L.Ed.*2d 492 (1961). A technical mislabeling of a cause of action should not defeat the substantive purposes of the statute. The Alaska Supreme Court in *Fairbanks Correctional Center v. Williamson*, 600 *P.*2d 743 (Sup.Ct.1979) allowed recovery under 42 *U.S.C.A.* § 1988 where the 42 *U.S.C.A.* § 1983 claim was missing from the body of the complaint, although mentioned in parenthesis, and other relevant statutes were pleaded likewise. Here plaintiff had actual notice of the constitutional claim, albeit misdesignated.

Having overcome the procedural problems, the merits of the defendants' constitutional claim for counsel fees can now be addressed. Defendants allege that the state by challenging their parental rights and enforcing them to maintain a defense intruded unjustly upon their parental rights. Their conclusion is supported by the court's refusal to terminate their rights.

Defendant's proposal, however, suggests an absolute right to parenthood which is not supported by recent United States Supreme Court decisions. These decisions concerning the constitutional right to parenthood and family privacy clearly state that parent's rights are subject to the due process clause considerations. *Cleveland Board of Education v. LaFleur*, 414 *U.S.*

632, 639, 94 *S.Ct.* 791, 796, 39 *L.Ed.*2d 52 (1974); *Stanley v. Illinois*, 405 *U.S.* 645, 92 *S.Ct.* 1208, 31 *L.Ed.*2d 551 (1972); *Wisconsin v. Yoder*, 406 *U.S.* 205, 92 *S.Ct.* 1526, 32 *L.Ed.*2d 15 (1972); *Smith v. Organization of Foster Families*, 431 *U.S.* 816, 97 *S.Ct.* 2094, 53 *L.Ed.*2d 14 (1977). The state has a right, indeed a duty, to protect the health and safety of its citizens, including children. *Stanley v. Illinois*, 405 *U.S.* 645, 92 *S.Ct.* 1208, 31 *L.Ed.*2d 551 (1972). The court, however, in recognizing the state interest, subjects the state right to interfere to due process clause protection. *Id.* Therefore, in order to prevail in a 42 *U.S.C.A.* § 1983 action defendants must allege a violation of due process. Due process has been held to guarantee the parent in a custody proceeding the right to a hearing, *Cleveland Board of Education v. LaFleur*, 414 *U.S.* 632, 94 *S.Ct.* 791, 39 *L.Ed.*2d 52 (1974), reasonable standards by which to weigh the state's interest, *Wisconsin v. Yoder*, 406 *U.S.* 205, 92 *S.Ct.* 1526, 31 *L.Ed.*2d 15 (1972), an attorney if desired, *Crist v. N.J. Division of Youth and Family Services*, 135 *N.J.Super.* 573 (App.Div.1975) and equal presumptions of parental fitness, *Stanley v. Illinois*, 405 *U.S.* 645, 92 *S.Ct.* 1208, 31 *L.Ed.*2d 551 (1972). In *Smith v. Organization of Foster Families, supra*, the court noted,

[w]e have little doubt that the Due Process Clause would be offended "[i]f" a State were to attempt to force the breakup of a natural family, over the objections of the parents and their children, without some showing of unfitness and for the sole reason that to do so was thought to be in the children's best interest. [431 *U.S.* at 862–63, 97 *S.Ct.* at 2119].

■ In the matter before the court, defendants were provided with a hearing which ultimately lead to the order denying termination of parental rights. However the court order, which refused to terminate parental rights, also found that the Division's intervention was justified. Clearly then, under the standards of due process the State's interest in the welfare of M.O. justified interference with the defendants' parental rights.

Even where the state's action is unsuccessful in proving parental neglect, the court's discretion to award counsel fees is not based on the final determination of the claims advanced but on whether the state's claim was a frivolous, unreasonable or

groundless effort to protect a child's interest.  Cf. *Christianburg Garment Co. v. EEOC*, 434 *U.S.* 412, 98 *S.Ct.* 694, 54 *L.Ed.*2d 648 (1978).  No such determination can be made from the facts of this case.  Accordingly, the court finds no provision either in the court rules or in statutes which authorizes an award of attorney fees under these facts.