ANTHONY AVERSO, PLAINTIFF, v. DENISE
AVERSO, DEFENDANT.

Superior Court of New Jersey
Chancery Division Bergen County

Decided August 7, 1981.

*Frank V. Sproviero* for plaintiff.

*Thomas J. Barrett* for defendant.

*Bruce L. Safro* for corespondent.

SORKOW, J. S. C.

The remaining issue in this motion is whether plaintiff husband is entitled to an award of *pendente lite* counsel fees to be assessed in his favor against the named and noticed corespondent who sought and obtained the right to intervene and file an answer.

The rule which governs counsel fee awards in matrimonial actions is *R.* 4:42–9(a)(1), which provides in pertinent part as follows:

> In a matrimonial action, *the court in its discretion* may make an allowance, both *pendente lite* and on final determination, *to be paid by any party to the action,* including, if deemed to be just, any party successful in the action. [Emphasis supplied.]

This court holds that the broad language of *R.* 4:42–9(a)(1) gives this court the discretion to order the corespondent, as a party to this action, to pay counsel fees.

This court has inquired as to the corespondent's participation in this matrimonial action. It appears, and this court finds, that the corespondent voluntarily became a party to this action. After notice he could have done nothing, but he chose to intervene. In *Robinson v. Robinson,* 13 *N.J.Misc.* 201 (Ch. 1932), the court held that the corespondent makes himself a party to the proceedings by moving for leave to intervene, and therefore, as a party, can be responsible for the costs and expenses of the suit. In *Coor v. Coor,* 124 *N.J.Super.* 341 (App.Div. 1973), it was held that where a corespondent had intervened and filed an answer, the court has discretion to impose counsel fees pursuant to *R.* 4:42–9(a)(1). The court commenting (on p. 342) stated: "Appellant chose to be a party and the trial court has a discretionary right to impose counsel fees on him."

■ But the facts in the *Coor* case are distinguishable from the case at bar in that *Coor* was dealing with a final assessment of counsel fees and not a *pendente lite* imposition thereof. The language in *R.* 4:42–9(a)(1) does not prohibit a court from making a *pendente lite* award of counsel fees but rather specifically places in the court's discretion such an award against any party to the action.

In the absence of any statutory or common law guidelines or restrictions as to the imposition of counsel fees against a corespondent on a *pendente lite* basis, this court may act in its discretion pursuant to *R.* 4:42–9(a)(1).

In exercising its discretion this court denies plaintiff's application for *pendente lite* counsel fees to be assessed against the corespondent herein. It is held to be inappropriate to extend the rule in *Coor* to *pendente lite* applications. This court reasons that such an award against the corespondent may work to prejudice the corespondent, by making the threat of fiscal sanction economically burdensome, if not prohibitive, for the corespondent to pursue his right to deny plaintiff's allegations. This holding does not serve to preclude an award of counsel fees against a corespondent at the end of the entire case.