212 N.J. Super. 455 (1986)
515 A.2d 500
HAMILTON VASQUEZ, PLAINTIFF-APPELLANT,
v.
KATHERINE BOLDUC (TRUJILLO), DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted September 9, 1986.
Decided September 25, 1986.
*456 Before Judges O'BRIEN and LANDAU.
George J. Sokalski, attorney for appellant (Peter Peletz, Jr., on the brief).
Hedy P. Grant, attorney for respondent.
The opinion of the court was delivered by LANDAU, J.S.C. (T/A).
This is an appeal from a November 21, 1985 order of the Chancery Division, Family Part, which increased a level of support payments from Hamilton Vasquez, the unwed father of a minor child. The increase was based upon changed circumstances as found by the trial judge, who accepted the uncontested assertions of expenses and relative incomes of each parent which were made in the moving papers submitted by Katherine Bolduc, the custodial mother. The appeal also challenges an award of counsel fees and costs to Bolduc's attorney.
The underlying action was instituted by Vasquez who sought custody of the child. The case was resolved by a consent judgment entered February 25, 1982, under which custody and child support payments of $200 a month were given to Bolduc (nee Trujillo).
On appeal, Vasquez asserts:
(1) The movant has failed to demonstrate a change of circumstances to warrant a modification of her consent order.
(2) There were material issues of fact requiring a plenary hearing.
(3) The court lacked jurisdiction to award attorney's fees.
*457 We have considered the record, the briefs, and the thoughtful opinion of the trial judge, but note that there is no indication that the parties or the court have addressed the applicability of the principles expressed in the New Jersey Parentage Act (N.J.S.A. 9:17-38, et seq.). That act codifies the principle that, "The parent and child relationship extends equally to every child and to every parent, regardless of the marital status of the parents." (N.J.S.A. 9:17-40.) The standards set forth at N.J.S.A. 9:17-53e should be applied in this matter. That section provides:
In determining the amount to be paid by a parent for support of the child and the period during which the duty of support is owed, a court enforcing the obligation of support shall consider all relevant facts, including the:
(1) Needs of the child;
(2) Standard of living and economic circumstances of each parent;
(3) Income and assets of each parent, including any public assistance grant received by a parent;
(4) Earning ability of each parent, including educational background, training, employment skills, work experience, custodial responsibility for children and the length of time and cost for each parent to obtain training or experience for appropriate employment;
(5) Need and capacity of the child for education, including higher education;
(6) Age and health of the child and each parent;
(7) Income, assets and earning ability of the child;
(8) Responsibility of the parents for the support of others; and
(9) Debts and liabilities of each child and parent.
At this early stage in the child's life, it is appropriate that a full exploration be conducted into each of the statutorily enumerated factors, particularly so that a benchmark may be established in the event that future allegations of "changed circumstances" are made. In any event reliance upon uncontested speculations of one parent is not an adequate substitute for exploration of the above referenced factors, together with appropriate findings.
We do not mean to imply that in every case, or indeed in this case, such exploration necessarily requires a full plenary hearing. Nonetheless, the interests of the child require that there be sufficient verified documentation to permit the court to *458 determine whether each parent is carrying an adequate and fair share of support costs.
N.J.S.A. 9:17-54 affords authorization to award attorney's fees, as does R. 4:42-9(a)(1). R. 4:42-9(b) requires that an affidavit of service support "all applications for the allowance of fees" other than those specifically excepted.
Accordingly, the within matter is reversed and remanded for further proofs and findings consistent with this opinion.