In any event, we find nothing unreasonable in the requirements of the Order. All of the informational requirements pertain to the safety and soundness of an insurer's financial condition.

██ Nor did the Department violate the Administrative Procedure Act in issuing the Order. The Order does not prescribe a legal standard "that is not otherwise expressly provided by or clearly and obviously inferable" from the enabling statute. *Metromedia, Inc. v. Director, Division of Taxation,* 97 *N.J.* 313, 331, 478 *A.*2d 742 (1984). It does not represent a material and significant change from a clear past agency position. *Ibid.* Finally, it reflects informal agency action of the type which has long been permitted without rulemaking. *Texter v. Human Services Dept.,* 88 *N.J.* 376, 383–84, 443 *A.*2d 178 (1982).

Affirmed.

598 A.2d 1228

D.H., PLAINTIFF–APPELLANT, v. D.K.,
DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 1, 1991—Decided November 7, 1991.

Before Judges PRESSLER, SHEBELL and D'ANNUNZIO.

*Michael I. Lubin* argued the cause for appellant (*Michael I. Lubin* on the brief).

*Robert J. Tafuri* argued the cause for respondent (*Greenstone, Sunshine, Atkins, Minassian & Tafuri*, attorneys; *Robert J. Tafuri* on the brief).

The opinion of the court was delivered by

D'ANNUNZIO, J.A.D.

Plaintiff appeals from an order dated January 3, 1991 denying his application for reconsideration of a May 15, 1990 order requiring plaintiff to pay the entire fee of a court appointed guardian ad litem in the amount of $10,030.25, the entire fee of a court appointed mental health professional in the amount of $2,250 and $4,472.25 as an allowance to defendant for counsel fees.

Plaintiff is the biological father of Z.K. The child was conceived and born in 1978 during her mother's marriage to defendant, D.K. D.K. and the child's mother divorced in 1981. The mother died in 1985 and shortly thereafter plaintiff commenced an action for a judgment establishing his paternity of Z.K. and for custody. That action resulted in a December, 1987 consent judgment awarding custody to D.K., but acknowl-

edging plaintiff to be the child's biological father. Plaintiff's visitation rights were to be resolved by the parties after consultation with and recommendation from a court appointed psychologist.

In May, 1988, plaintiff filed a motion seeking an order for visitation. The order, entered January 28, 1989, afforded plaintiff a Saturday or Sunday visit once every two months. In August, 1989, plaintiff filed a motion for increased visitation which was denied by an order dated February 1, 1990. Thereafter, the court entered the order from which plaintiff appeals.

*R.* 4:42–9(a)(1) authorizes an allowance of counsel fees in a family action. It provides:

> (1) *In a family action,* the court in its discretion may make an allowance both pendente lite and on final determination to be paid by any party to the action, including if deemed to be just any party successful in the action, on any claim for divorce, nullity, support, alimony, custody, visitation, equitable distribution, separate maintenance and enforcement of interspousal agreements relating to family type matters. Any pendente lite allowance may include a fee based upon an analysis of prospective services to be performed.

Plaintiff contends that the present case is not a "family action" within the rule's meaning.

We observe that the adjective "family" is used in a generic sense as a shorthand for the specific actions enumerated in the rule. They include actions for custody and visitation and, therefore, the present case qualifies under the rule as to type of action. Reduced to its essence, plaintiff's contention is that this case is not a family action because he and defendant were not married to each other and are not otherwise related. We reject this contention as we did in *Olen v. Melia,* 141 *N.J.Super.* 111, 357 *A.*2d 310 (App.Div.), *certif. denied,* 71 *N.J.* 518, 366 *A.*2d 673 (1976) and *Coor v. Coor,* 124 *N.J.Super.* 341, 307 *A.*2d 104 (App.Div.1973). *Olen* involved an equitable distribution dispute. Defendant wife died and the controversy continued between plaintiff husband and the deceased wife's children by another marriage. We upheld an award of counsel fees in favor of the wife's heirs. In *Coor,* we affirmed an award of counsel fees imposed on the correspondent.

Moreover, plaintiff and defendant share a family relationship with the child, Z.K., plaintiff as the biological father and defendant as custodial step-parent. It is the litigants' family relationship with Z.K. and her best interests that was the core of this litigation. *See R.* 5:1–2(a) describing actions cognizable in the Family Part of the Chancery Division as "[a]ll civil actions in which the principal claim is unique to and arises out of a family or family-type relationship." The absence of a matrimonial relationship did not preclude a counsel fee award in *Vasquez v. Bolduc,* 212 *N.J.Super.* 455, 515 *A.*2d 500 (App.Div. 1985), a support dispute between parents who had never been married to each other. *See also N.J.S.A.* 9:17–54 authorizing counsel fees in an action under the *New Jersey Parentage Act, N.J.S.A.* 9:17–38 to 59.

The cases relied upon by plaintiff are inapposite. *Crowe v. DeGioia,* 203 *N.J.Super.* 22, 495 *A.*2d 889 (App.Div.1985), *aff'd. o.b.,* 102 *N.J.* 50, 505 *A.*2d 591 (1986), was a contract action, a so-called palimony suit. In *Anzalone v. Anzalone Brothers, Inc.,* 185 *N.J.Super.* 481, 449 *A.*2d 1310 (App.Div.1982), a matrimonial action, we ruled that counsel fees could not be imposed on a corporate defendant though properly joined for the purpose of setting aside an alleged fraudulent conveyance of property. *Youth and Fam. Serv. Div. v. J.O.,* 178 *N.J.Super.* 74, 427 *A.*2d 1150 (Cty.Ct.1980) involved an action by a stranger to the family relationship, a State agency, for custody and termination of parental rights.

We conclude, therefore, that this case is a family action within the meaning of *R.* 4:42–9(a)(1).

■■ Plaintiff also contends that the trial court erred in failing to make findings, and plaintiff invites us to exercise our original jurisdiction "and reverse the order below." The award of counsel fees in a family action rests in the court's discretion. *Williams v. Williams,* 59 *N.J.* 229, 233, 281 *A.*2d 273 (1971). The principal factors to be considered in exercising that discre-

tion are the applicant's need, the other party's ability to pay, and the applicant's good faith in defending the action.

 We have no doubt of defendant's good faith in defending plaintiff's August 1989 motion for increased visitation, filed only eight months after the January, 1989 order establishing a visitation schedule. Defendant filed his New York, New Jersey and United States income tax returns with his case information statement in support of his application for fees. He also filed his affidavit. Those uncontested documents established that the custody litigation initiated by plaintiff placed a heavy financial burden on defendant. As a result, defendant refinanced his residence, more than doubling his mortgage indebtedness. He has no capital assets other than his residence and one automobile. Defendant, a physician, is employed by the City of New York and also maintains a private practice. However, his income tax returns and case information statement reflected a disposable income of approximately $67,000. In his affidavit defendant stated that he has no savings and must resort to home equity financing to pay his current liabilities. Thus, the uncontroverted record established defendant's need.

██ In contrast, plaintiff provided no financial information. Plaintiff is a physician. In his affidavit he took the position that each party should bear his own counsel fees and one-half of the guardian ad litem's fee because "we are both medical doctors and both capable of paying our individual costs and expenses." The financial information defendant submitted belies this statement. As previously indicated, the record establishes defendant's financial need. However, the record is silent regarding plaintiff's income, assets and liabilities. In light of plaintiff's decision not to submit highly relevant financial information to the trial court, his greater ability to underwrite the litigation expenses may be inferred.[1] *Scanlon v. General*

---

[1] At oral argument, in response to a question by this court, plaintiff's attorney stated that plaintiff's income was between $125,000 and $150,000 annually.

*Motors Corp.*, 65 *N.J.* 582, 598–99 n. 7, 326 A.2d 673 (1974) (plaintiff's failure to produce allegedly defective product supports an inference adverse to plaintiff as to existence of any defect); *State v. The Council, Div. of Resource Dev.*, 60 *N.J.* 199, 202, 287 *A.*2d 713 (1972) ("behavior of a litigant with respect to relevant evidence may permit an inference that his behavior was prompted by a conscious appreciation that the evidence would or might be hurtful to his position"); *Interchemical Corp. v. Uncas Printing & Fin. Co., Inc.*, 39 *N.J.Super.* 318, 328, 120 *A.*2d 880 (App.Div.1956) (defendant's suppression of evidence in its possession supports inference that it would be beneficial to plaintiff in action for damages for failure to pay royalties).

■ Although we agree that the trial court should have articulated specific findings and conclusions, we are not inclined to remand for that purpose. The record established, beyond question, defendant's good faith and need. The only other element necessary to dispose of defendant's counsel fee application was plaintiff's financial condition.[2] Plaintiff, having chosen not to provide that information to the court despite its compelling relevance and importance, cannot now be heard to complain about the absence of a finding below. The counsel fee allowance is affirmed.

■ For the reasons expressed above, we perceive no abuse of discretion in the allocation of the guardian *ad litem*'s fee, *R.*

---

Although the attorney had no knowledge of plaintiff's income beyond what plaintiff told him, even this concession places his income at twice defendant's. We have no information regarding plaintiff's assets.

[2]Plaintiff does not challenge the reasonableness of defendant's counsel's charges. Nevertheless, we accept plaintiff's invitation to exercise our original jurisdiction, *R.* 2:10–5, and conclude that the charges are reasonable and that the services were necessary.

5:8B(d), and the mental health professional's fee, *R.* 5:3–3(a), to plaintiff.

Affirmed.