94 N.J. Super. 590 (1967)
229 A.2d 666
BERTHA SCHWARTZSTEIN, PLAINTIFF,
v.
AL SCHWARTZSTEIN, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Argued March 1, 1967.
Decided March 22, 1967.
Mr. Louis Asarnow argued the cause for plaintiff.
Mr. Charles M. Grosman argued the cause for defendant (Messrs. Charles M. & Alan M. Grosman, attorneys).
*591 CONSODINE, J.C.C. (temporarily assigned).
This court has the power in its discretion to award counsel fee against a wife.
Plaintiff sued for divorce on extreme cruelty and for separate maintenance on a curious admixture of the statutory grounds (N.J.S. 2A:34-24) and the reiteration of the charges of extreme cruelty as if for divorce from bed and board (N.J.S. 2A:34-3).
Proof negated a cause of action. Plaintiff further admitted a matrimonial offense. Additionally, plaintiff perjured herself in facie curiae, being found guilty in one regard, and pleading guilty in the other. Defendant seeks counsel fee against the plaintiff.
Authority to make such an award against the wife is forthright and clear.
R.R. 4:55-7 provides:
"(a) In a matrimonial action. In such an action the court in its discretion may make an allowance to be paid by any of the parties to the action * * *". (Emphasis added)
Our case law is meager. In Potts v. Potts, 25 N.J.L.J. 197 (Ch. 1902), the court upheld its power but limited the exercise of its discretion to an exceptional case, an extreme case, concluding that if costs should ever be allowed to a husband they should be in that case.
A taxed bill of costs then generally included an allowed counsel fee. The clerk now so includes counsel fee only if the court specifically included it in the costs taxed.
The case sub judice is also exceptional and extreme. Counsel fee is allowed.