124 N.J. Super. 291 (1973)
306 A.2d 477
JERSEY CITY REDEVELOPMENT AGENCY, A BODY CORPORATE AND POLITIC OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
GEORGE A. WEISENFELD AND ANNE WEISENFELD, HIS WIFE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 30, 1973.
Decided June 6, 1973.
*292 Before Judges CARTON, MINTZ and SEIDMAN.
Mr. Henry J. Wilewski argued the cause for appellant (Messrs. Krieger and Chodash, attorneys).
Mr. Norman H. Roth argued the cause for respondents (Mesrs. Davis and Roth, attorneys).
The opinion of the court was delivered by MINTZ, J.A.D.
In this condemnation non-jury proceeding the trial judge awarded defendants the sum of $150,334 as the fair market value of the subject property, taken by plaintiff condemning authority.
The subject property is in the Paulus Hook Urban Renewal Area which was declared blighted on April 1, 1969.
The trial judge found that the property, a vacant lot, comprised 34,559.7 square feet.
At the oral argument counsel for defendants represented that the property was acquired through a contract in 1965 by a corporation, solely owned by defendants, for $29,375, and subsequently conveyed by that corporation to defendants. Concededly, the acquisition was a "good buy."
*293 On April 23, 1969 defendant George A. Weisenfeld leased the lot to Parking Authority of the City of Jersey City at an annual rental of one dollar. The tenant was required to pay the real estate taxes and convert the demised premises into a parking lot. The landlord reserved the right to terminate the lease upon certain conditions.
Subsequent to the oral argument plaintiff filed an affidavit wherein it appears that the lot was paved by the Parking Authority at a cost of $10,586. It was opened for business in May 1970 as a metered parking lot.
The parties stipulated that on January 16, 1968 defendant George A. Weisenfeld entered into an arms-length contract for the sale of the property. Title did not pass because of a subsurface easement to PATH. Since this easement would affect the cost of construction of any building erected by the purchaser, the latter would not accept the title. The unconsummated contract was terminated on September 15, 1969.
At the rehearing of this cause before the trial judge the contract for the sale of the property for $80,000 was introduced into evidence.
William Robertson, Jr., an expert witness for plaintiff, using comparable sales, valued the property at $66,000 based upon an inaccurate estimate of land area of 28,400 square feet. Joseph Cooney, plaintiff's second expert, using comparable sales, appraised the subject property at $74,500. Sol Gorlin, defendant's expert, valued the property at $203,300 on a capitalization of income approach, based upon the use of the property as a parking lot; and at $202,000 on a comparable sales basis.
The rehearing was granted on the basis of plaintiff's subsequently acquired knowledge of the unconsummated contract for the sale of the property for $80,000. The trial judge reaffirmed his earlier finding that $150,334 represented the fair market value for the subject premises. He referred to the fact that all three experts agreed that the unconsummated contract was not indicative of fair market value. Gorlin *294 stated that he knew of the contract and it did not influence his opinion since he considered the highest and best use of the property was for a parking lot.
Apparently the experts, as well as the trial judge, overlooked the fact that the contract was not consummated because of a title defect. In our judgment, in the absence of a completed sale evidence of the price agreed upon in a binding contract of sale for property between the owner and a purchaser, both acting in good faith, would be of significance in arriving at the fair market value of the property, East Orange v. Crawford, 78 N.J. Super. 239 (Law Div. 1963), with due allowance made for any change in value, if any, from the date of the contract until the declaration of taking.
The trial judge recognized that he was confronted with a great disparity in evaluations, "leaving the arbiter in the unenviable position of trying to decide where the truth lies." In this condition of the evidence the trial court in its discretion may take the initiative towards apprising itself of the findings and opinion of an independent expert in "a quest for the elusive truth of the matter." State v. Lanza, 74 N.J. Super. 362, 374 (App. Div. 1962), aff'd 39 N.J. 595 (1963), app. dism. 375 U.S. 451, 84 S.Ct. 525, 11 L.Ed.2d 477 (1964).
The trial judge afforded no significance to the unconsummated contract. As already noted, this contract was terminated after the declaration of blight, when its potential use as a parking lot might have been recognized by the contract purchaser. Additionally, we find that in the stated circumstances the trial judge should have exercised his discretion and appointed a neutral expert to evaluate the property and testify as to its fair market value.
We reverse and remand the proceeding for a retrial before a trial judge other than the judge before whom the matter was tried. The parties will be allowed 20 days from the date of this opinion to agree upon a neutral expert. Should the *295 parties fail to agree upon a neutral expert, the assignment judge should be immediately notified, and the trial judge to whom this matter will be referred for retrial, without a jury, shall forthwith proceed to select a neutral expert. The expert's charge for the appraisal and testimony will be fixed by the trial judge and paid by either or both of the parties in accordance with the trial judge's determination at the conclusion of the proceeding.