185 N.J. Super. 481 (1982)
449 A.2d 1310
SANTA ANZALONE, PLAINTIFF-RESPONDENT,
v.
ANZALONE BROTHERS, INC., DEFENDANT-APPELLANT, AND VINCENT ANZALONE, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 26, 1982.
Decided May 11, 1982.
*483 Before Judges BISCHOFF, KING and POLOW.
Miller & Reenstra, attorneys for appellant. (Leonard S. Miller on the brief).
Stern, Steiger, Croland & Bornstein, attorneys for respondent (Myra T. Peterson and Irene U. Mecky, on the brief).
The opinion of the court was delivered by POLOW, J.A.D.
*484 This appeal challenges the authority of a trial judge to award counsel fees and compensation for a court-appointed accountant against a corporate defendant in a matrimonial action. In the first count of her complaint plaintiff Santa Anzalone demanded a divorce, child custody, support, equitable distribution and counsel fees against her husband, defendant Vincent Anzalone. The second count charged that defendant husband had fraudulently conveyed his 25% stock interest in a family business to the corporate defendant "for the purpose of defrauding plaintiff and hindering and delaying equitable distribution." The remaining 75% of the corporate stock was held by his three brothers. Although both counts of the complaint demand judgment only against defendant Vincent Anzalone, it is clear that some relief was also intended against the corporation. Plaintiff sought to have the conveyance declared void, to enjoin both defendants from transferring assets except in the ordinary course of business and to have the books and records of the corporate defendant subjected to an accounting by an independent auditor.
During the pendency of the action, on motion of plaintiff wife, a court-appointed accountant was instructed to examine all books and records of the corporate defendant "to determine the worth of Anzalone Bros., Inc., and the extent of defendant Vincent Anzalone's interest therein." The court also ordered that "Costs shall be initially borne by defendant, Vincent Anzalone, final allocation to be determined at final hearing."
The accountant, Seymour Rubin, CPA, conducted his investigation and ultimately prepared financial statements which were distributed to all three parties and formed the basis for discussions during several settlement conferences before and during trial. During his trial testimony defendant Vincent Anzalone was cross-examined concerning the truth of his answers to certain interrogatories in which he stated that his $23,000 cash payment on property he purchased in Florida was borrowed *485 from his brother Fred. He ultimately responded: "Maybe I don't answer that because  well, to be honest with you, because I was trying to hide that money." Immediately, a recess was taken and, following another conference, the case was settled with regard to all issues except the allocation of plaintiff's counsel fees and compensation for the court-appointed accountant. On inquiry by counsel for the corporate defendant, the judge indicated that there would be a further opportunity to "argue orally ... or submit on papers" with regard to the amount and allocation of fees. All claims against Anzalone Bros., Inc., were then dismissed except that it was "retained in the suit only for fee purposes." The final judgment of divorce awarded $6,500 to plaintiff's attorney, of which the individual defendant was required to pay $4,500. The obligation to pay the remaining $2,000 was imposed upon the corporation. Responsibility for the accountant's fee of $5,250 was divided, $3,000 to be paid by defendant Vincent Anzalone, $1,250 by Anzalone Bros., Inc., and $1,000 by plaintiff. The corporate defendant does not question the propriety of the amounts awarded but challenges the authority of the trial judge to make such awards against it based upon an issue which it characterizes as "non-matrimonial."
We first note several procedural irregularities in this appeal. Several months after the notice of appeal had been served and filed, counsel for plaintiff-respondent sought and obtained rather unusual relief from the trial court. A letter request was made to the trial judge to permit plaintiff's counsel to file a joint appellate brief on behalf of both plaintiff and the accountant. The trial judge responded by letter granting the request. Control of proceedings on appeal is in the appellate court from the time the appeal is taken. R. 2:9-1(a). The trial court has no jurisdiction to consider such a request. Counsel should have been instructed to make the request to the Appellate Division. We also note that although the notice of appeal was served and filed as of March 16, 1981, the trial judge, upon the suggestion of counsel for plaintiff, filed a "statement per R. 2:5-1(b)" on December 9, 1981, more than eight months later. R. 2:5-1(b) *486 specifically requires that such an amplification of factual findings and legal conclusions be submitted within 15 days of the filing of the notice of appeal. Here, it was filed after both appellate briefs had been submitted to the court.
Furthermore, plaintiff's appellate brief and appendix contains a copy of what appears to be a certification by the accountant, dated October 30, 1981 (almost seven months subsequent to the filing of the appeal), containing his opinions and conclusions concerning wrongdoing by both defendants by way of "perjury" and false representations. It does not appear to have been in the record before the trial court. We question the propriety of the inclusion of such a document made by the accountant long after judgment was entered, containing his legal conclusions. The opinions and conclusions of the accountant contained therein have been introduced without confrontation or the opportunity for cross-examination. However, for reasons stated later in this opinion, we find those opinions and conclusions largely irrelevant and they will be disregarded.
The authority for an award of counsel fees is separate and distinct from that which permits appointment of and compensation for an accountant. Our Supreme Court has narrowly circumscribed the few specific situations in which counsel fees may be awarded. R. 4:42-9. Although consideration has been given to expansion of these categories from time to time, the Supreme Court has consistently rejected any essential change of policy except in certain limited situations. This rejection "may be construed as a further expression of its concern that expansion of the court's power to allow counsel fees might well result in impositions upon judicial administration and upon litigants which would outweigh any advantages that might be anticipated." Pressler, Current N.J. Rules, Comment R. 4:42-9.
Traditionally, it has been customary to award court costs and such additional sum of money for counsel fees as is necessary to prosecute or defend a matrimonial action in an efficient manner. Such allowances were considered essential to the proper assertion *487 of the marital rights of the wife, which she might be unable to establish if the husband were not required to provide financial assistance. 24 Am.Jur.2d, Divorce and Separation, § 571 at 693.
In New Jersey our rules of court, even prior to September 1971 when the Divorce Reform Law went into effect, provided that counsel fees in a matrimonial action could be allowed against "any of the parties to the action...." See Schwartzstein v. Schwartzstein, 94 N.J. Super. 590, 591 (Ch.Div. 1967). Nevertheless, the power was exercised primarily in favor of wives against husbands. Traditionally, the discretionary power to allow fees or costs to a husband was limited "to an exceptional case...." Ibid. Still, authority to assess either husband or wife for the other's legal expenses is not a consequence of the Divorce Reform Law. The applicable rule provided such authority for many years. The 1971 rule amendment was intended to clarify the authority of a trial judge to award a fee against either the husband or the wife irrespective of that party's success in the matrimonial action. Pressler, op. cit.
Plaintiff correctly argues that the fraudulent conveyance of an asset by one of the spouses in a divorce action was not a matrimonial issue prior to the advent of equitable distribution. Thus, fees could not have been awarded against any party in connection with that issue prior to 1971. Capodanno v. Capodanno, 58 N.J. 113, 121 (1971). However, upon the advent of equitable distribution, an accounting of marital assets, whether owned individually or jointly, became relevant to the matrimonial cause of action between the immediate parties to the marriage. The right to enjoy equitable distribution includes division of assets acquired by either or both parties during the marriage. N.J.S.A. 2A:34-23. Hence, as it relates to husband and wife, the fraudulent conveyance claim is a matrimonial issue and fees incurred by the wife in compelling inclusion of the true value of fraudulently conveyed stock for equitable distribution are allowable against the husband. The corporate defendant, *488 although properly joined in connection with the demand to set aside an alleged fraudulent conveyance, is a party to the action based upon general equity rather than matrimonial principles.
Plaintiff points out that fees have been allowed against the corespondent in adultery cases. Coor v. Coor, 124 N.J. Super. 341 (App.Div. 1973), certif. den. 64 N.J. 149 (1973). However, in such cases the corespondent elects voluntarily to intervene and to become a party to the matrimonial issue. In fact, the only claim involved in such a case is matrimonial in nature and therefore the cause of action, unlike a demand to set aside a fraudulent conveyance, may be entertained only in the matrimonial part. Here, the fraudulent conveyance claim could appropriately have been dealt with in a general equity suit. Furthermore, the authority to assess fees against an intervening corespondent was recognized long before the Divorce Reform Law and is not a consequence of the advent of equitable distribution. See, Duke v. Duke, 72 N.J. Eq. 515 (Ch. 1906), aff'd o.b. 72 N.J. Eq. 941 (E. & A. 1907).
We conclude that the corporate defendant, although a proper party to the action to set aside a fraudulent conveyance, did not thus become a party to the matrimonial litigation for the imposition of counsel fees. As to the corporate defendant, it was not matrimonial litigation. We have held that the phrase, "any party," in this context need not be given its broadest literal interpretation. It is not intended to include the party represented by the attorney seeking fees. Cohen v. Cohen, 146 N.J. Super. 330, 337 (App.Div. 1977). Furthermore, none of the exceptions to the general prohibition against allowance of counsel fees contained in R. 4:42-9 would justify an allowance against the defendant corporation. The fact that it was a wrongdoer or committed a fraud does not justify including it within the matrimonial exception to the rule. As to that defendant, the fraudulent conveyance is a "nonmatrimonial issue" normally cognizable in the general equity part of the Chancery Division. On the other hand, the allowance of counsel fees against defendant *489 husband in connection with an issue relating to equitable distribution is perfectly proper. Hence, we deem it appropriate to vacate the entire award of counsel fees in favor of plaintiff and remand that issue to the trial court for reconsideration of the allowance against Vincent Anzalone.
The award of the accountant's fee is an entirely different matter. The power to appoint experts has received increasing attention by our courts. This trend is not limited to matrimonial actions. State v. Lanza, 74 N.J. Super. 362, 374-375 (App.Div. 1962), aff'd 39 N.J. 595 (1963), cert. den. 375 U.S. 451, 84 S.Ct. 525, 11 L.Ed.2d 477 (1964); Polulich v. J.G. Schmidt Tool, Die & Stamping Co., 46 N.J. Super. 135, 145 (Law Div. 1957); see, 12 R.L.R. 375 (1957), "Judicial Authority to Call Expert Witnesses." In this regard, the power to appoint the accountant and award fees against any party to the action may be exercised in a general equity matter within the broad discretion of the Court of Chancery. We find that the exercise of that power in this case was not abused by the trial judge.
Affirmed in part, vacated and remanded in part. We do not retain jurisdiction.