ELBERTUS J. PROL, JR., PLAINTIFF, v. CORNELIA
PROL, DEFENDANT.

Superior Court of New Jersey
Family Part Chancery Division
Bergen County

Decided April 15, 1988.

*Gregory J. Czura,* for plaintiff.

*Anne W. Elwell,* for defendant (*Elwell & Crane,* attorneys).

KRAFTE, J.S.C.

By way of a post-judgment matrimonial motion concerning
the issue of child custody, defendant-wife seeks to compel

plaintiff-husband and plaintiff's mother to be evaluated by a psychologist chosen by defendant.

In a previous appearance before this court, defendant sought to modify the joint physical custody arrangement between the parties as to their son. Defendant also sought the appointment of a psychiatrist or psychologist to evaluate all parties involved with regard to any custody modification. Pursuant to *R.* 5:3–3, this court appointed a psychiatrist to conduct a custody evaluation which was to include psychological testing.

The report of the court-appointed psychiatrist was submitted approximately six weeks later, at which time, defendant's attorney expressed her objection, because the psychiatrist had failed to conduct psychological testing as per the court order. In a letter to the court, the psychiatrist responded that psychiatrists did not have the requisite training to administer psychological testing, and that he had referred patients for this type of testing when he was unable to arrive at a diagnosis within a reasonable degree of medical probability. It was his opinion that such was not the case in this matter. Defendant then filed this motion seeking to appoint a psychologist of her own choosing.

*Rule* 5:3–3 provides the court with the discretionary power to appoint an expert to render an opinion, which will assist the court in arriving at a proper conclusion of the matter before it. Although this rule is relatively recent (effective December 31, 1983), this practice of appointing experts has endured for a considerable period of time. The prerogative of the court to so appoint has long been regarded as a matter within its inherent discretionary power, and such appointments have been routinely made in family actions without express rule authorization. *Pressler, Current N.J. Court Rules,* Comment *R.* 5:3–3 (1988).

Case law in this State has previously established that a trial court possesses the inherent power to appoint an independent expert in a condemnation case as an aid to ascertaining the truth. *Wayne Tp. v. Kosoff,* 73 *N.J.* 8, 13 (1977). *See also*

*Jersey City Redevelopment Agency v. Weisenfeld,* 124 *N.J.Super.* 291 (App.Div.1973), certif. den. 63 *N.J.* 563 (1973); *State v. Lanza,* 74 *N.J.Super.* 362 (App.Div.1962), aff'd 39 *N.J.* 595 (1963). However, with regard to expert witnesses, New Jersey does not have a statute similar to the Uniform Expert Testimony Act which permits a court to appoint expert witnesses in civil or criminal proceedings. *Wayne Tp. v. Kosoff, supra* 73 *N.J.* at 13.

Rule 59 of the Uniform Rules of Evidence gives a judge such discretion to appoint experts. Of course, this would not mean that the parties would not be able to call their own experts. Note, "Judicial Authority to Call Expert Witnesses," 12 *Rutgers L.Rev.* 375, 384 (1957). However, the New Jersey Legislative Commission on the Law of Evidence chose not to accept the New Jersey Supreme Court committee's recommendation to adopt Rule 59. Its feeling was that to allow the court to appoint witnesses without the consent of the parties would result in the removal of too much control of the litigation from the hands of the parties. *Id.* at 385.

Despite this rejection of Rule 59 the power to appoint experts has received increasing attention by our courts, a trend not limited to matrimonial actions. *Anzalone v. Anzalone Brothers, Inc.,* 185 *N.J.Super.* 481, 489 (App.Div.1982). Courts have recognized that when it appears that the trier of the facts will be confronted with extraordinary disparate opinions as to valuation, and a timely motion for the appointment of an independent expert is made, the trial court should seriously weigh the possible advantages of an impartial expert. *Wayne Tp. v. Kosoff, supra* 73 *N.J.* at 14.

Rule 5:3–3 now provides a codification of a practice adhered to not only by the matrimonial court system. However, in this case, it is defendant who wishes to have an expert, on her behalf, evaluate the adverse parties. Rule 5:3–3 does not explicitly provide for this.

Nevertheless, inherent in *R.* 5:3–3 is the right of each party to employ their own expert witnesses, whether there is a

court-appointed expert and whether the adversary chooses to engage an expert witness. Indeed, although the Supreme Court Committee on Matrimonial Litigation recognized that when there is sharp divergence between experts, the court-appointed expert can be of immeasurable value, there is a separate and distinct value to the retention of an expert by each party. Supreme Court Comm. on Matrimonial Litig. Rep. (1981) Phase Two, at 5.

It is well recognized that the use of court-appointed, well-trained psychiatrists, psychologists and social workers greatly aid in resolving delicate issues of child custody and visitation. *Id.* at 7. This, however, does not, and cannot, preclude each party from retaining his or her own experts to afford their professional evaluations and recommendations to the court for resolving the matter. In this case, defendant is concerned that the parties have significant psychopathology that has been underdiagnosed by the court-appointed psychiatrist. She also asserts that she was misquoted and that the report showed a bias toward plaintiff. To deprive defendant of her own experts would be to deprive her of basic justice.

This court finds that a court-appointed expert cannot be utilized to the exclusion of experts individually retained by each party.