NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0715-16T4

H.S.,

 Plaintiff-Respondent,

v.

D.S.,

 Defendant-Appellant.
_________________________

 Submitted September 12, 2017 — Decided September 29, 2017

 Before Judges Hoffman, Gilson and Mayer.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Family Part,
 Middlesex County, Docket No. FM-12-1381-13.

 Weinberger Law Group, LLC, attorneys for
 appellant (Gregory A. Pasler, on the brief).

 Respondent has not filed a brief.

PER CURIAM

 Defendant D.S. (Dawn)1 appeals from certain provisions of a

September 19, 2016 order issued by the family court on her post-

1
 We use initials and pseudonyms to protect the privacy of the
parties and their child.
judgment motion seeking relief against her ex-husband, H.S. (Hal).

Dawn argues that the judge failed to issue written or oral findings

of fact and conclusions of law in support of his rulings in

accordance with Rule 1:7-4(a). She further contends that the

judge failed to conduct a plenary hearing prior to ordering the

parties to undergo a psychological evaluation and altering

parenting time. We agree with Dawn's contentions and therefore

reverse and remand this motion to the family court.

 Dawn and Hal married in 1993 and had a daughter in 2008. The

parties divorced in 2014. An amended judgment of divorce (AJOD)

incorporated the parties' agreement regarding custody of their

daughter and established a parenting time schedule. Hal moved to

California. Dawn remained in New Jersey with the child and

remarried in 2015.

 In 2015, Hal filed a motion to terminate alimony based on

Dawn's remarriage. Dawn cross-moved for various relief including

modification of child support. A different family court judge

granted Hal's motion terminating alimony and granted Dawn's motion

modifying child support in an order dated September 4, 2015. That

judge also established that Hal would be responsible for paying

seventy-six percent of all work-related child care.

 About one year later, Dawn filed a post-judgment motion to

enforce litigant's rights based upon Hal's non-compliance with the

 2 A-0715-16T4
September 4, 2015 order and requested attorneys' fees. Hal cross-

moved for increased parenting time, including Skype time, and for

a mental health evaluation for the parties, their daughter, and

Dawn's new husband. On September 19, 2016, the family court judge

issued a thirty-six paragraph order denying Dawn's application to

enforce litigant's rights and attorneys' fees, compelling Dawn to

pay 100 percent of the work-related child care expenses and seek

reimbursement from Hal, and granting Hal's motions for a

psychological evaluation and for extra parenting and Skype time

with the parties' child.

 The judge who issued the September 19, 2016 order failed to

set forth specific findings of fact and conclusions of law as to

his denial of Dawn's enforcement motion. While the judge

determined Hal failed to comply with the court's prior order

concerning proof of life insurance for the benefit of the

daughter,2 the judge denied Dawn's motion to enforce litigant's

rights because Hal obtained an alternate life insurance policy

naming Dawn as beneficiary. The judge, without conducting a

hearing, determined that Hal's alternate life insurance policy

satisfied the prior court order. Hal also failed to comply with

2
 The prior order required Hal to provide annual proof of life
insurance expressly naming Dawn as trustee and the child as
irrevocable beneficiary.

 3 A-0715-16T4
the AJOD because he did not provide the required proof of life

insurance until Dawn filed her enforcement motion. The judge

failed to explain the denial of Dawn's enforcement motion in light

of Hal's non-compliance with the AJOD and prior court order.

 Additionally, in denying Dawn's enforcement motion compelling

Hal's payment of work-related child care, the judge found disputed

facts pertaining to the necessity of such expenses. Instead of

conducting a hearing to resolve the disputes, the judge ordered

Dawn to pay 100 percent of the expenses and pursue reimbursement

from Hal. The judge modified the prior court order governing

payment of work-related child care notwithstanding that neither

party requested such relief. Given that Hal earns four times more

than Dawn, requiring Dawn to pay 100 percent of those expenses was

financially burdensome, as well as contrary to the prior court

order. Moreover, the judge failed to resolve the parties' disputes

concerning the necessity and legitimacy of the work-related child

care expenses.

 Pursuant to Rule 1:10-3, litigants in any action are permitted

to seek relief if they are denied "what is due" to them under a

court order. Dep't of Health v. Roselle, 34 N.J. 331, 337-38

(1961). Here, Dawn sought to enforce litigant's rights based upon

Hal's failure to pay work-related child care expenses and his

failure to provide annual proof of a compliant life insurance

 4 A-0715-16T4
policy. While the judge found Hal had not complied with the prior

court order and AJOD, he denied Dawn's enforcement motion without

providing findings of facts and conclusions of law in support of

his determination.

 Further, the judge ordered a psychological evaluation of the

parties, their child, and Dawn's new husband without explaining

his reasons in support of such relief. Dawn vehemently contested

Hal's allegation that their daughter was experiencing conflict due

to interfamily dynamics. The certifications filed by Hal and Dawn

on the alleged interfamily conflict suffered by their daughter

were diametrically opposite. Each parent accused the other of

dishonesty on this issue. Nevertheless the judge did not conduct

a plenary hearing to resolve the disputed contentions concerning

the psychological evaluation. When the issues "hinge on factual

determinations, credibility and diverse contentions, a plenary

hearing is required." Dunne v. Dunne, 209 N.J. Super. 559, 571

(App. Div. 1986); see also Hand v. Hand, 391 N.J. Super. 102, 105

(App. Div. 2007).

 The judge also modified the prior court order establishing

Hal's parenting time with his daughter. Hal requested one extra

week of parenting time during the summer vacation. The judge

granted Hal's request without providing a statement of reasons,

despite acknowledging that a change in circumstances and the best

 5 A-0715-16T4
interests of the child were the applicable standards for

modification of a mediated agreement regarding parenting time. "A

party seeking to modify custody must demonstrate changed

circumstances that affect the welfare of the children." Hand v.

Hand, supra, 391 N.J. Super. at 105. The record is devoid of any

facts reflecting a change in circumstances warranting the judge's

adjustment to the agreed-upon parenting time schedule.

 Lastly, the judge denied Dawn's application for attorneys'

fees without examining the statutory factors typically considered

on a fee application. See N.J.S.A. 2A:34-23; see also R. 5:3-

5(c). The following factors are to be considered in determining

an award of counsel fees in family actions: whether one spouse

lacked independent financial means; the spouses' financial ability

to pay; whether the action was instituted in good faith; and

whether counsel incurred attorneys' fees in expectation of an

award. See Williams v. Williams, 59 N.J. 229, 233-34 (1971). Fees

in a family action are normally awarded to parties in unequal

financial positions to permit litigation on equal footing. See

Kelly v. Kelly, 262 N.J. Super. 303, 307 (Ch. Div. 1992) (citing

Anzalone v. Anzalone Bros., Inc., 185 N.J. Super. 481, 486-87

(App. Div. 1982)). In denying Dawn's motion for counsel fees, the

judge failed to make findings as to the financial circumstances

of the parties, the parties' good or bad faith in filing the

 6 A-0715-16T4
applications, and the parties' financial ability to pay an award

of counsel fees.

 Family "judges are under a duty to make findings of fact and

to state reasons in support of their conclusions." Heinl v. Heinl,

287 N.J. Super. 337, 347 (App. Div. 1996); see R. 1:7-4(a).

"Meaningful appellate review is inhibited unless the judge sets

forth the reasons for his or her opinion." Strahan v. Strahan,

402 N.J. Super. 298, 310 (App. Div. 2008) (quoting Salch v. Salch,

240 N.J. Super. 441, 443 (App. Div. 1990)). "Naked conclusions

do not satisfy the purpose of [Rule] 1:7-4." Curtis v. Finneran,

83 N.J. 563, 570 (1980).

 Because the judge failed to set forth findings of fact and

conclusions of law as required by Rule 1:7-4(a), we are compelled

to reverse the September 19, 2016 order and remand the matter to

the family court to develop a complete record. The judge may

require an appropriate period for discovery on the contested issues

and, if necessary, conduct a plenary hearing to resolve any

disputed material facts. The matter is remanded for the judge to

comply with the rule, and render findings of fact and conclusions

of law consistent with this opinion. We do not retain

jurisdiction.

 Reversed and remanded.

 7 A-0715-16T4