RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4535-15T4

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

 Plaintiff-Respondent,
v.

K.E.,1

 Defendant-Respondent,

and

J.A.,

 Defendant.
_____________________________

IN THE MATTER OF J.E.,

 Minor.
______________________________

G.A. and R.A.,

 Appellants.

1
 Pursuant to Rule 1:38-3(d), we use initials and fictitious names
to protect the confidentiality of the participants in these
proceedings.
 Submitted July 12, 2017 – Decided October 5, 2017

 Before Judges Simonelli and Carroll.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Family Part, Ocean
 County, Docket No. FN-15-0005-15.

 Jay Turnbach, attorney for appellants.

 Christopher S. Porrino, Attorney General,
 attorney for respondent New Jersey Division
 of Child Protection and Permanency (Salima E.
 Burke, Deputy Attorney General, on the brief).

 Sheehy & Sheehy, attorneys for respondent K.E.
 (John E. Sheehy, of counsel and on the brief).

 Joseph E. Krakora, Public Defender, Law
 Guardian, attorney for minor (Lisa M. Black,
 Designated Counsel, on the brief).

PER CURIAM

 In this Title 9 matter, appellants G.A. and R.A., are the

maternal grandparents of J.E. (John), born in July 2010. They

appeal from the June 8, 2016 Family Part order, which denied their

motion to intervene. For the following reasons, we affirm.

 John's biological mother, J.A. (Jane) is deceased. Prior to

Jane's death, in June 2014, plaintiff New Jersey Division of Child

Protection and Permanency (Division) substantiated allegations of

abuse and neglect against her. The Division removed John from

Jane's care, obtained care, supervision, and custody of him, and

placed him with appellants, with whom the child had lived since

birth. Following Jane's death, John continued living with

 2 A-4535-15T4
appellants while also having visitation with his biological

father, dispositional defendant K.E. (Ken), who had filed a motion

to obtain physical and legal custody of the child.

 Appellants did not file a motion to intervene until April

2016, after the court approved the Division's plan to return John

to Ken. Appellants argued the court should permit them to

intervene and grant them custody because they were John's

psychological parents. In the alternative, appellants sought

visitation pursuant to the Grandparents and Sibling Visitation

Rights Statute, N.J.S.A. 9:2-7.1.

 In a June 8, 2016 oral opinion, Judge Madelin F. Einbinder

denied the motion as untimely, finding it had been filed almost

two years after the Division removed John from Jane's care.

Addressing the merits, the judge stated that to establish

psychological parentage for custody purposes, appellants had to

prove the four elements set forth in V.C. v. M.J.B.:

 (1) that the biological or adoptive parent
 consented to, and fostered, the petitioner's
 formation and establishment of a parent-like
 relationship with the child; (2) that the
 petitioner and the child lived together in the
 same household; (3) that the petitioner
 assumed the obligations of parenthood by
 taking significant responsibility for the
 child's care, education and development,
 including contributing towards the child's
 support, without expectation of financial
 compensation [a petitioner's contribution to
 a child's support need not be monetary]; and

 3 A-4535-15T4
 (4) that the petitioner has been in a parental
 role for a length of time sufficient to have
 established with the child a bonded, dependent
 relationship parental in nature.

 [163 N.J. 200, 223 (2000) (citation omitted).]

 The judge found appellants failed to establish the first

element, as Ken never ceded parental authority or his parental

rights to them, and in fact, had been fighting to obtain custody

of John. The judge also determined that although appellants had

been in John's life since his birth, they did not stand in Ken's

position as biological father or share his constitutional rights

to custody. The judge also found that even if appellants had

established all four elements of the V.C. psychological parent

test, they must still show that granting them custody would be in

John's best interest, giving weight to the factors set forth in

N.J.S.A. 9:2-4. The judge concluded that appellants did not meet

the standard to award them legal custody, as they did not establish

psychological parentage or overcome Ken's constitutional right to

custody.

 Judge Einbinder found that although appellants had an

interest in the litigation, their interest was not compromised,

but was adequately represented to and by the Division, and they

could seek custody or visitation under the FD docket. The judge

also found that appellants' request for visitation was premature.

 4 A-4535-15T4
The judge noted that John was still residing with appellants and

would remain in their physical custody until returned to Ken, and

there was no indication appellants would have no contact with the

child if Ken regained custody.

 Judge Einbinder entered an order on June 8, 2016 order,

denying appellants' motion to intervene without prejudice, and

requiring the Division to transfer legal and physical custody of

John to Ken on June 20, 2016. After the Division returned John

to Ken, the judge entered an order on August 23, 2016, terminating

the litigation. This appeal followed.

 On appeal, appellants contend they met all requirements for

intervention as of right. They argue they have an interest in the

ligation because they are John's psychological parents, and their

interests are being compromised because once the custody issue is

decided, they are precluded from being recognized in their role

as psychological parents. They also argue that their rights are

not protected because the Division, Law Guardian, and John's

attorney actively undermined their interests in pursuing custody.

Lastly, they argue their application was timely because they filed

it when they still had physical custody of John. Appellants do

not address Ken's rights as the biological parent or his

constitutional rights. They also do not address their right to

seek visitation under the FD docket.

 5 A-4535-15T4
 Intervention as of right is appropriate where an applicant

"claims an interest relating to . . . the subject of the action

and is so situated that disposition of the action may as a

practical matter impair or impede the ability to protect that

interest, unless the applicant's interest is adequately

represented by existing parties." R. 4:33-1. Intervention as of

right requires the movant to show: (1) an interest in the subject

matter of the litigation; (2) an inability to protect that interest

without intervention: (3) lack of adequate representation of that

interest; and (4) timeliness of the application. N.J. Div. of

Youth & Family Servs. v. D.P., 422 N.J. Super. 583, 590 (App. Div.

2011).

 "The grant or denial of a motion to intervene . . . lies

within the sound discretion of the trial court and should not be

disturbed on appeal absent a clear showing that the trial court's

discretion has been misapplied." ACLU v. County of Hudson, 352

N.J. Super. 44, 65 (App. Div.), certif. denied, 174 N.J. 190 (2002)

(citations omitted). The court also has the discretion to

determine the timeliness of the intervention application, and may

deny the application if deemed untimely. See generally State v.

Lanza, 39 N.J. 595 (1963). "[A]n abuse of discretion only arises

on demonstration of 'manifest error or injustice[,]'" Hisenaj v.

Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J.

 6 A-4535-15T4
554, 572 (2005)), and occurs when the trial judge's "decision is

'made without a rational explanation, inexplicably departed from

established policies, or rested on an impermissible basis.'" Milne

v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting

Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

 We have considered appellants' arguments in light of the

record and applicable legal principles and conclude they are

without sufficient merit to warrant discussion in a written

opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the

reasons expressed by Judge Einbinder in her cogent oral opinion.

We discern no abuse of discretion in the denial of appellants'

motion to intervene as untimely and on the merits. We agree that

appellants did not satisfy all four elements of the psychological

parentage test under V.C. to obtain custody of John, as Ken never

ceded the function of psychological parent to them. Certainly

appellants have been in John's life since his birth, but they do

not stand in Ken's position as the child's biological parent and

do not share his constitutional rights. Ken was not found to have

abandoned, abused, or neglected John, and was not deemed an unfit

parent. Appellants may file an action under the FD docket for

grandparent visitation. We express no view as to the merits of

such an application.

 Affirmed.

 7 A-4535-15T4
8 A-4535-15T4