**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0767-18T2

MARCIN PAWELEK,

    Plaintiff-Appellant,

v.

MAGDALENA  M. PAWELEK,

    Defendant-Respondent.

_____

Submitted September 11, 2019 – Decided September 27, 2019

Before Judges Whipple and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-0890-17.

Lane & Lane, LLC, attorneys for appellant (Daniel Jonathan Lane, on the briefs).

Magdalena M. Pawelek, respondent pro se.

PER CURIAM

Plaintiff Marcin Pawelek appeals from an August 31, 2018 order awarding defendant Magdalena Pawelek $25,000 in counsel fees in this matrimonial matter. We affirm.

We take the following facts from the record. Plaintiff filed a complaint for divorce in April 2017. Defendant filed a motion for pendente lite relief seeking, among other things, counsel fees on the motion and a litigation fund.[1] The court entered a November 17, 2017 order, denying each party's request for counsel fees, and granting defendant a litigation fund. The November order stated: "Without prejudice, within [thirty] days, plaintiff [is] to provide to counsel for defendant the sum of $25,000 . . . for a litigation fund for attorney and expert fees and costs."

On July 9, 2018, the parties divorced and entered into a Marital Settlement Agreement (MSA). The MSA stated the following regarding the litigation fund:

> The [c]ourt directed [plaintiff,] without prejudice, to advance $25,000 to [defendant]'s counsel as a fund for legal fees and expert fees by its [p]endente [l]ite [o]rder . . . of which [plaintiff] advanced $15,000. The [p]arties have not agreed on the issue of counsel fees. Both parties reserve the right to submit a [c]ertification of [a]ttorney [s]ervices along with a request for the [c]ourt to determine the counsel fee issue via supplemental [o]rder within thirty . . . days of the date of the [j]udgment of [d]ivorce.

---

[1] Plaintiff also sought counsel fees for his pendente lite motion.

A-0767-18T2

Each party submitted a certification of attorney services. The judge concluded plaintiff was responsible for payment of the entire $25,000 amount of the pendente lite award for the litigation fund ordered in November 2017, of which he had only paid $15,000. Therefore, the judge ordered plaintiff to pay $10,000 and each party bear the remainder of their respective counsel fees.

I.

On appeal, plaintiff argues the judge abused her discretion awarding defendant the entire sum of the litigation fund. Plaintiff also argues the judge misapplied the law because she found he should have filed a motion for reconsideration to challenge the pendente lite award of a litigation fund. He also contends the judge mischaracterized the litigation fund as a counsel fee award and failed to recognize it was subject to reallocation "and therefore subject to potentially being repaid to [p]laintiff or an advance on equitable distribution." He asserts the judge only considered partial facts and overlooked defendant's bad faith.

> A Family Part judge is empowered to make an award of counsel fees to enable the parties to litigate on an even playing field "irrespective of that party's success in the matrimonial action." Anzalone v. Anzalone Bros., Inc., 185 N.J. Super. 481, 486-87 (App. Div. 1982). Similarly, N.J.S.A. 2A:34-23 states:

A-0767-18T2

> The court may order one party to pay a retainer on behalf of the other for . . . legal services when the respective financial circumstances of the parties make the award reasonable and just. In considering an application, the court shall review the financial capacity of each party to conduct the litigation and the criteria for award of counsel fees that are then pertinent as set forth by court rule.
>
> [Fattore v. Fattore, 458 N.J. Super. 75, 90 (App. Div. 2019)].

Rule 5:3-5(c) lists nine factors the court must consider in making an award of counsel fees in a family action. Essentially,

> in awarding counsel fees, the court must consider whether the party requesting the fees is in financial need; whether the party against whom the fees are sought has the ability to pay; the good or bad faith of either party in pursuing or defending the action; the nature and extent of the services rendered; and the reasonableness of the fees.
>
> [Mani v. Mani, 183 N.J. 70, 94-95 (2005) (emphasis omitted) (citations omitted).]

Even when there is not a financial disparity between the parties, "where a party acts in bad faith the purpose of a counsel fee award is to protect the innocent party from unnecessary costs and to punish the guilty party." Welch v. Welch, 401 N.J. Super. 438, 448 (Ch. Div. 2008) (citing Yueh v. Yueh, 329 N.J. Super. 447, 461 (App. Div. 2000)). An award "of counsel fees is discretionary, and

will not be reversed except upon a showing of an abuse of discretion."  Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011) (citation omitted).

The judge addressed each of the Rule 5:3-5(c) factors, which by a preponderance favored defendant.  She concluded the parties had income parity because although plaintiff out earned defendant, the court had awarded defendant pendente lite support, which put her on an even footing with plaintiff. The judge found defendant had a need for contribution to her fees because she was awarded fees pendente lite and still owed her attorneys.

The judge concluded plaintiff acted in bad faith because he failed to pay the $25,000.  She stated "[p]laintiff's [c]ounsel argues that the $25,000 award was based on a misrepresentation by [p]laintiff, however this argument was decided upon in 2017 and [p]laintiff did not file[] a [m]otion for [r]econsideration at that time."

The judge found plaintiff incurred $43,784.89 and defendant paid $52,758.52 in counsel fees.  She also noted defendant had paid more to her counsel than plaintiff and still owed over $24,000 to counsel.

The judge found defendant obtained favorable results because plaintiff was ordered to pay her pendente lite support.  She stated "[t]his was made necessary because, when [d]efendant left the marital home with the two children,

[p]laintiff was not paying any support. When he began paying, he was underpaying, until the [p]endente [l]ite [o]rder." The judge concluded "[t]he [c]ourt finds that [p]laintiff violated the November 17, 2017 [o]rder by not paying the full $25,000.00 to the litigation fund for attorney and expert fees and costs, and that he is [o]rdered to pay the remaining $10,000.00 to [d]efendant."

We are unpersuaded the judge abused her discretion or overlooked facts. Moreover, the judge did not commit a mistake of law by noting plaintiff did not seek reconsideration of the November 2017 order. The point of the finding was not to conclude plaintiff's claim for a reimbursement of the sums advanced for the litigation fund was time-barred, but instead note he had failed to comply with an order for over nine months without seeking relief from it.

Finally, we reject plaintiff's argument the judge mischaracterized the litigation fund as a counsel fee award. N.J.S.A. 2A:34-23 states: "The court may order one party to pay a retainer on behalf of the other for expert and legal services when the respective financial circumstances of the parties make the award reasonable and just." (emphasis added). The record reflects defendant exhausted the litigation fund on counsel fees and two mediators, namely, a retired judge and an attorney who both served as mediators in the case. Therefore, irrespective of the label attached to the $25,000, the court's

A-0767-18T2

considerations relating to the final allocation of the sum were the same, and plaintiff was afforded the opportunity to contest the award to defendant.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0767-18T2