**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1573-24

LAMA K. ALASSIL,

     Plaintiff-Appellant,

v.

MOHAMAD B. KHAIR,

     Defendant-Respondent.

_____

Argued September 16, 2025 – Decided September 29, 2025

Before Judges Chase and Augostini.

On appeal from an interlocutory order of the Superior Court of New Jersey, Chancery Division, Family Part, Passaic County, Docket No. FM-16-1280-23.

John D. McCarthy argued the cause for appellant (Schenck, Price, Smith & King, LLP, attorneys; Tanya N. Helfand and John D. McCarthy, on the briefs).

Seth R. Parker argued the cause for respondent (Moskowitz Law Group, LLC, attorneys; Seth R. Parker, on the brief).

PER CURIAM

Plaintiff, Lama Alassil appeals, by leave granted, from paragraph three of a December 23, 2024 Family Division order that denied her application for attorney fees under Rule 5:3-5. For the reasons below, we vacate and remand for further proceedings.

I.

We discern the following facts from the record. Plaintiff and defendant, Mohamad Khair, married in Syria 2011 and moved to New Jersey in 2013. They have two children, now ten and eight. Plaintiff filed for divorce in March 2023.

In May 2023, plaintiff obtained a temporary restraining order ("TRO") against defendant. Defendant subsequently obtained a TRO against plaintiff. In June 2023, each party filed criminal complaints against the other in municipal court. Both TROs were dismissed in July 2023 after the parties agreed to a consent order for civil restraints that included the dismissal of the municipal complaints.

In November 2023, defendant filed a civil complaint against plaintiff. Plaintiff moved to consolidate the civil and divorce cases. The Family Part denied the motion; the civil case remains pending.

Plaintiff obtained another TRO against defendant in February 2024. After a seven-day trial, the court dismissed the TRO and denied a final restraining order ("FRO"). Plaintiff later obtained a third TRO, which was also dismissed.

A-1573-24

In the divorce action, plaintiff moved for pendente lite support, including a litigation fund. On August 19, 2024, the court ordered defendant to pay $25,000 into a preliminary litigation fund and to pay $5,000 per month for plaintiff's Schedule A and B expenses.

Plaintiff filed a motion for reconsideration. On December 23, 2024, the court denied plaintiff's motion on the papers. After outlining the factors in R.P.C. 1.5(a), Rules 4:42-9(a), and 5:3-5; the court, in paragraph three, wrote,

> Both parties have incurred hefty fees for legal representation; however, this is to be expected when pursuing legal redress through the court without appearing pro se. Plaintiff's counsel alleges a vast discrepancy between the parties' financial circumstances and their ability to pay attorney's fees. Plaintiff has paid over $85,000 to date and has separately received a litigation fund from [d]efendant in the amount of $25,000. The [c]ourt finds that [p]laintiff has failed to make an adequate showing for an attorney's fees award per the factors enumerated in Rule 5:3-5(c).

Accordingly, the court denied plaintiff's request for attorney's fees.

This appeal follows.

## II.

Plaintiff argues the court provided no reason for finding that she "failed to make an adequate showing for an attorney's fees award per the factors enumerated in Rule 5:3-5(c)." Plaintiff contends she incurred $173,786.33 in attorney's fees for the divorce case between May 2023 and September 2024. She

3

further asserts defendant should contribute to her attorney's fees for civil litigation, municipal court cases, and domestic violence actions.

As a preliminary matter, pursuant to the notice of appeal, we confine our review to paragraph three of the reconsideration order which denied attorney's fees. See W.H. Indus. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458-59 (App. Div. 2008) (finding that it is only the orders on appeal that are subject to review); Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 461-62 (App. Div. 2022). Accordingly, we decline to address defendant's arguments related to paragraph one of the reconsideration order, the amount of preliminary litigation fund.[1]

A.

"Appellate courts accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters." Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare v. Cesare, 154 N.J. 394, 412 (1998)).

---

[1] No transcript from the August 23, 2024 hearing has been provided. We are not "obli[gated] to attempt review of an issue when the relevant portions of the record are not included." Cmty. Hosp. Grp., Inc. v. Blume Goldfaden Berkowitz Donnelly Fried & Forte, P.C., 381 N.J. Super. 119, 127 (App. Div. 2005); see also State v. Cordero, 438 N.J. Super. 472, 489 (App. Div. 2014). Because this was a preliminary litigation fund, either party can file for additional funds as the case proceeds.

We review a Family Part's factual findings under an abuse of discretion standard. See Gonzalez-Posse v. Ricciardulli, 410 N.J. Super. 340, 354 (App. Div. 2009). A court abuses its discretion "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)) (internal quotation marks omitted). We, however, review all legal conclusions de novo. Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017).

In accordance with R. 4:42-9(a) and 5:3-5(c), courts have discretion in the matrimonial setting to award pendente lite relief, including attorney's fees. Eaton v. Grau, 368 N.J. Super. 215, 225 (App. Div. 2004). It is a well-settled principle that an award of attorneys' fees is within the sound discretion of the trial court. Williams v. Williams, 59 N.J. 229, 233 (1971). The award of pendente lite counsel fees in matrimonial actions is "normally awarded to permit parties with unequal financial positions to litigate (in good faith) on an equal footing." Kelly v. Kelly, 262 N.J. Super. 303, 307 (Ch. Div. 1992) (citing Anzalone v. Anzalone Bros., Inc., 185 N.J. Super. 481, 486-87 (App. Div. 1982)). We recently reiterated that, "[a] Family Part judge is empowered to make an award of counsel fees to enable the parties to litigate on an even playing

field irrespective of that party's success in the matrimonial action." Fattore v. Fattore, 458 N.J. Super. 75, 90 (App. Div. 2019).

Rule 5:3-5(c) provides:

> The court may also, on good cause shown, direct the parties to sell, mortgage, or otherwise encumber or pledge assets to the extent the court deems necessary to permit both parties to fund the litigation. In determining the amount of the fee award, the court should consider, in addition to the information required to be submitted pursuant to R. 4:42-9, the following factors: (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.

It is fundamental that "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right . . . ." R. 1:7-4(a). "Naked conclusions do not satisfy the purpose of R[ule] 1:7-4." Curtis v. Finneran, 83 N.J. 563, 570 (1980).

We appreciate the motion judge's efforts in outlining the law regarding counsel fees. We do not pass judgment on the merits of the parties' claims but identify them solely to illustrate that by failing to provide an analysis of the Rule

6

4:42-9(a) and 5:3-5 factors, "we are left to conjecture as to what the judge may have had in mind." Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990). See also Est. of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 302 (App. Div. 2018) (noting that Rule 1:7-4's "requirements are unambiguous"). Because the trial court did not analyze each of the factors, nor make determinations on how the facts applied to its legal conclusions as required under Rule 1:7-4(a), we are constrained to vacate the order and remand for further proceedings.

On remand, the court shall "'state clearly [its] factual findings and correlate them with relevant legal conclusions, so that parties and the appellate courts [are] informed of the rationale underlying th[ose] conclusion[s].'" Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594-95 (App. Div. 2016) (alterations in original) (quoting Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986)). See also R. 1:7-4.

B.

We briefly comment on the issues regarding the use of the matrimonial action to recover attorney fees in the civil, criminal, and domestic violence cases.

Rule 5:3-5(c) applies only to Family Part cases. Plaintiff has no right to a preemptive award of counsel fees in the family matter to defend a separate civil case; any fees in that matter are subject to governing law outside the Family

7                                                          A-1573-24

Part. Additionally, there is no provision under <u>Rule</u> 4:42-9, providing for an award of counsel fees in a quasi-criminal case where the State dismisses cross-complaints.

Lastly, if plaintiff had prevailed on a domestic violence matter, she could have been awarded compensatory damages, including attorney fees, pursuant to N.J.S.A. 2C:25-29 (b)(4) of the Prevention of Domestic Violence Act. <u>See e.g.</u> <u>McGowan v. O'Rourke</u>, 391 N.J. Super. 502, 507-08 (App. Div. 2007). Because she did not obtain an FRO, no provision permits fee awards for unsuccessful parties in a domestic violence matter.

To the extent we have not addressed any arguments raised by plaintiff, they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Vacated and remanded for proceedings consistent with this opinion. The matter should be resolved within forty-five days. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1573-24